CULPEPPER, Judge.
The plaintiff seeks damages for personal ivjuries received when his automobile was struck from the rear by that of defendant’s insured. The trial judge awarded plaintiff $3,500 for pain and suffering resulting from cervical and lumbosacral strains and bruises to the knees, but denied recovery for alleged injuries to plaintiff’s teeth. Plaintiff has appealed.
The sole issue is whether the trial judge erred in finding as a fact that plaintiff suffered no injuries to his teeth as a result of this accident.
The general facts show that after the accident plaintiff was taken to the hospital where he was treated for injuries diagnosed as cervical and lumbosacral strains and bruises to the knees. Plaintiff contends that his teeth were also injured as a result of the accident and will have to be removed and replaced with dentures. The defendant points out that plaintiff is 59 years of age; had only 10 teeth at the time of the accident, 6 uppers and 4 lowers; and that any infirmity of the teeth was due to chronic inflamation of the gums, present in most people of this age, rather than any trauma connected with the accident.
After carefully reviewing the record, we think the evidence fully supports the factual findings of the trial judge in this regard. We adopt as our own the following portion of the trial judge’s opinion:
“Some evidence was produced on the trial of the case about loss of teeth allegedly due to the accident in this case. No specific claim for such loss was asserted in the petition of the plaintiff, and it was not shown that the plaintiff sustained any injury in the area of his teeth that might result in any such loss. Neither hospital record contained any reference to any injury in that area, nor did the plaintiff register any complaint about such to any of the doctors who treated or examined him, except possibly to Dr. Snatic and to his dentist, Dr. George J. Hannie. Dr. Plannie testified that, on March 26, 1965, he extracted two of plaintiff’s teeth, the looseness of which he attributed to plaintiff’s accident. He also recommended, after taking X-rays, that plaintiff’s remaining eight natural teeth and partial dentures be removed and full dentures be substituted. This recommendation was not carried out. Dr. Hannie testified toj. tenderness in teeth on the right side of plaintiff’s mouth. Dr. Ewell L. Stevens, qualified as an expert dentist by the defendant, examined the plaintiff on the date of trial and also examined Dr. Han-nie’s March, 1965 X-rays. He stated that plaintiff complained of tenderness in the teeth in the left side of the mouth rather than the right side; that he found no loose teeth in plaintiff’s mouth and that none were in such condition as to be removed. He did testify that the plaintiff had chronic gingivitis, being an inflama *577 tion of the gums, which is common to a great percentage of people his age. There is no doubt about the fact that Dr. Hannie did remove two of plaintiffs teeth, but the evidence did not establish any causal connection between that removal and the injuries received in the accident. Accordingly, no award is made to the plaintiff on account of loss of teeth, and recovery of Dr. Hannie’s bill for services is likewise rejected.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.